IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donna Miller,                        :

          Plaintiff,                 :

     v.                              :     Case No. 2:11-cv-438

                                     :     JUDGE JAMES L. GRAHAM
New Salem Baptist Church,                  Magistrate Judge Kemp
     et al.,                         :

          Defendants.                :

REPORT AND RECOMMENDATION
AND ORDER

     Plaintiff, Donna Miller, who appears to be a resident of
Franklin County, Ohio, has filed a motion for leave to proceed *in
forma pauperis* and a civil complaint against the New Salem
Baptist Church, the Reverend Keith Troy, and Brenda Troy, all of
whom also appear to be residents of Franklin County, Ohio.  It
does not appear that Ms. Miller can afford the filing fee for a
civil action, so her motion for leave to proceed *in forma
pauperis* (#1) is granted.  For the following reasons, it will be
recommended that the case be dismissed for lack of subject-matter
jurisdiction.

                              I.

     28 U.S.C. §1915(e)(2) provides that in proceedings *in forma
pauperis*, "[t]he court shall dismiss the case if ... (B) the
action ... is frivolous or malicious [or] fails to state a claim
on which relief can be granted...."  The purpose of this section
is to prevent suits which are a waste of judicial resources and
which a paying litigant would not initiate because of the costs
involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A
complaint may be dismissed as frivolous only when the plaintiff
fails to present a claim with an arguable or rational basis in

law or fact.  <u>See</u> <u>id</u>. at 325.  Claims which lack such a basis
include those for which the defendants are clearly entitled to
immunity and claims of infringement of a legal interest which
does not exist, <u>see</u> <u>id</u>. at 327-28, and "claims describing
fantastic or delusional scenarios, claims with which federal
district judges are all too familiar."  <u>Id</u>. at 328; <u>see also</u>
<u>Denton v. Hernandez</u>, 504 U.S. 25 (1992).  A complaint may not be
dismissed for failure to state a claim upon which relief can be
granted if the complaint contains "enough facts to state a claim
to relief that is plausible on its face."  <u>Bell Atlantic Corp. v.</u>
<u>Twombly</u>, 550 U. S. 544, 570 (2007).  *Pro se* complaints are to be
construed liberally in favor of the *pro se* party.  <u>Haines v.</u>
<u>Kerner</u>, 404 U.S. 519 (1972).  The complaint will be evaluated
under these standards.

One of the requirements for a complaint filed in a federal
(as opposed to a state) court is that the complaint set forth "a
short and plain statement of the grounds for the court's
jurisdiction...."  Fed.R.Civ.P. 8(a)(1).  The jurisdiction of the
federal courts, as a whole, is limited by the grant of
jurisdiction found in Article III, Section 2 of the United States
Constitution, and the jurisdiction of United States District
Courts is further limited to those cases which, by Act of
Congress, the Court is authorized to hear.  The two primary bases
for jurisdiction over cases filed in the District Courts
(although there are others, none of which apply here) are 28
U.S.C. §1331 and 28 U.S.C. §1332.  The former applies to cases in
which a question "arising under the Constitution, laws, or
treaties of the United States" is present.  The latter provides
for jurisdiction in suits involving parties from different states
where the amount in controversy exceeds $75,000.00 exclusive of
interest and costs.

Ms. Miller's complaint does not contain the required

statement of jurisdiction.  Further, a reading of the complaint
shows that whatever claims Ms. Miller may have - and the nature
of her claims is not entirely clear, but they seem to relate to
some type of landlord-tenant relationship between her and the New
Salem Baptist Church - they neither arise under federal law nor
involve parties from different states.  Even liberally construed,
the allegations of the complaint appear to relate either to a
claim by the defendants that Ms. Miller has somehow damaged their
property or has allowed illegal activity to occur on that
property, or that the defendants have threatened her with
physical assault.  These are, at best, some type of state law
claims, and do not arise under the United States Constitution or
any federal statute or treaty.  Further, all of the parties to
this case appear to be Ohio residents, so the case does not
involve claims between parties from different states.  The Court
therefore concludes that it lacks jurisdiction over the
complaint, and the complaint should be dismissed without
prejudice for that reason.

II.

Based on the foregoing, plaintiff's motion for leave to
proceed *in forma pauperis* (#1) is granted.  Further, it is
recommended that this action be dismissed under 28 U.S.C.
§1915(e) for lack of subject-matter jurisdiction.

III.

If any party objects to this Report and Recommendation, that
party may, within fourteen days of the date of this Report, file
and serve on all parties written objections to those specific
proposed findings or recommendations to which objection is made,
together with supporting authority for the objection(s).  A judge
of this Court shall make a de novo determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made.  Upon proper

-3-

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge